## BISHOP v. UNITED STATES (two cases).

## GATES v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 2, 1927.

Nos. 7494, 7526, and 7527.

1. Banks and banking ⊂⇒257(4)—Evidence of officer's guilt of paying his taxes from national bank's funds held insufficient for jury.

Evidence *held* insufficient to take to jury question as to national bank officer's guilt of paying his taxes out of bank's funds.

2. Criminal law ⊂⇒753(1)—Sufficiency of evidence to take guilt to jury must be determined from record at close of evidence.

Whether evidence was sufficient to take to jury question of defendant's guilt must be determined on state of record at close of evidence.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

On rehearing. Former opinion (16 F. [2d] 410) modified, and trial court directed to proceed accordingly.

Kenneth W. Robinson and Harry S. Silverstein, both of Denver, Colo. (Philip S. Van Cise, of Denver, Colo., on the brief), for plaintiff in error Will F. Bishop.

S. Harrison White, of Denver, Colo., for plaintiff in error Frank L. Bishop.

Horace N. Hawkins, of Denver, Colo., for plaintiff in error Gates.

Ivor O. Wingren, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before KENYON, Circuit Judge, and SCOTT and JOHN B. SANBORN, District Judges.

PER CURIAM. In the opinion in this case (16 F.[2d] 410) filed November 29, 1926, relative to the charge in the first count of the indictment that certain taxes of Frank L. Bishop were paid out of the funds of the bank, we said:

"If defendant Frank L. Bishop paid taxes on his own property, for which he alone was liable, out of the funds of the bank, it was, of course, a violation of law. If the other defendants participated therein with intent to defraud the bank, they also violated the law. It is claimed in the argument of government's counsel that such is the fact. The evidence is not clear on this question. We have examined the record closely, and there is grave doubt whether or not this is the fact. We are unable to determine it from the record. Therefore we think this question remains in the case for retrial."

On January 27, 1927, petition for rehearing was filed by all the plaintiffs in error, asking the court to review this conclusion. This petition was granted, and we have again considered that part of the case, being aided by additional briefs filed. The evidence with reference to this matter shows that the check in evidence known as Exhibit E, in the sum of $7,289.97, for taxes payable to the treasurer of the city and county of Denver, was drawn by Mrs. Minty, a government witness who was in charge of the insurance department of the bank. From her evidence we quote:

"The check made payable to the treasurer of the city and county of Denver was drawn on the instructions of Mr. Frank Bishop or Mr. Will Bishop. It was in payment of taxes on property belonging to the people for whom we collected rents for other clients, who wished us to pay their taxes for them, as a matter of convenience, and the property owned by the bank. One of the clerks in the insurance department typed the statement, showing on just what properties we were paying and the amount. This was customary. I sent the statement and check up by one of the boys in the bank. I received receipts from the treasurer, in exchange. * * * The insurance department of the bank was in the habit of collecting rents for various customers upon properties belonging to these customers. It was the practice of the insurance department to remit to the clients the money so collected, deducting the taxes which must be paid. This money so deducted, which eventually was paid in the form of taxes, originally was deposited with the Globe National Bank to the account of the insurance department. * * * The taxes paid on July 31, 1925, were taxes of customers of the Home Savings & Merchants' Bank."

Mr. Sanford H. Baker, deputy treasurer of the city and county of Denver, testified that Exhibit E passed through the treasurer's office of the city and county of Denver, and he produced a cash ticket which showed the various items to which that check was applied. A list of the property, to pay taxes on which the check was given, accompanied the check, and the tax receipts were returned and filed in the bank, being checked against the journal. One of the receipts showed the payment of taxes in the sum of $287.03 upon certain real estate in the name of Frank L. Bishop. Outside of some evidence on the subject by Frank L. Bishop, what we have

set forth is substantially all the evidence in the record bearing thereon. The list of taxes for which the check was given was made up by a clerk in the bank, Mrs. Brodine. She did not testify. Practically all the evidence with relation to the transaction was that of Mrs. Minty.

Plaintiffs in error insist that under the condition of the record it is immaterial whether or not the taxes on the property of Frank L. Bishop were included in this tax check; that the evidence of Mrs. Minty explains how it happened, and that it is a wholly innocent transaction; that, as the record stands, there is nothing to show the property of Frank L. Bishop on which taxes were paid was not in the same situation as other properties where moneys had been collected for clients and deposited in the bank, out of which taxes were to be paid. Regardless of whatever merit there may be in this proposition, we are forced to the conclusion, on our re-examination of this testimony, that it is not sufficient to show guilt beyond a reasonable doubt.

There is nothing to show that any of the plaintiffs in error had any thing to do with preparing the list of taxes which accompanied the check, Exhibit E, or that they had knowledge as to what specific taxes were being paid. Neither Mrs. Minty nor Mrs. Brodine testified that any of the plaintiffs in error gave any instructions as to what property should be included in this tax list. Mrs. Brodine made up such lists automatically every six months from the books of the bank. The evidence does not show that, when the tax receipts were returned, Frank L. Bishop or any of the plaintiffs in error saw them, or had any knowledge that a payment had been made of taxes on property in the name of Frank L. Bishop. Mrs. Minty testifies that the check sent for taxes represented moneys previously collected for rents upon properties and deposited in the bank. This custom of making lists of the properties upon which taxes were to be paid out of funds in the bank for that purpose seems to have been one of long standing.

[1, 2] We are forced to the conclusion that the evidence here does not exclude as to count 1 every other hypothesis than that of guilt, and that the same is as consistent with innocence as with guilt. In fact, it fails to show a criminal intent in the matter. It may be the government could have introduced evidence showing a direct knowledge on the part of plaintiffs in error that specific taxes on some of their properties were to be paid out of the check, Exhibit E or that plaintiffs

19 F.(2d)—15

in error, after payment, had knowledge thereof and accepted the benefit therefrom, but no such proof appears in this record. The question must be determined on the state of the record at the close of the evidence. We have therefore concluded that as to count 1 the former opinion of this court is incorrect. The motion for an instructed verdict of "not guilty" as to count 1 should have been sustained.

The former opinion is modified to that extent, and the trial court is directed to proceed in accordance with this modification of the original opinion.